IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 2:17-cr-00007 |
| | ) | JUDGE RICHARDSON |
| SAMER WALID ABDALLA | ) | |
| | ) | |

## ORDER

Pending before the Court is the Government's Motion to Dismiss Count Four of the Superseding Indictment (Doc. No. 68, "Motion"). The Motion appears to have been prompted by Defendant's Motion to Dismiss *Indictment* and/or Motion to Strike Government's "Bill of Particulars" and/or Notice of Reservation of Rights (Doc. No. 58, "Defendant's motion"), in which Defendant asserted, among other things, that Count Four and Count Six of the Superseding Indictment might be multiplicitous.

In particular, Defendant's motion notes that Count Four alleges possession of a firearm in violation of 18 U.S.C. § 924(c) on June 1, 2017, while Count Six alleges possession of a firearm in violation of 18 U.S.C. § 924(c) on June 9, 2017.[1] Defendant asserts essentially that as far as he (or anyone can tell), the firearm referenced in Count Four is the same firearm referenced in Count Six; if so, and especially if Defendant's alleged possession of the firearm was continuous from June 1 through June 9, the two counts might be multiplicitous.

In response, the Government does not concede that the same firearm was at issue in both counts or that the two counts are multiplicitous, but it does concede that "the danger of the jury

---

[1] Although Count Six alleges an offense date of June 9, 2017, for reasons the Court does not grasp the parties make apparent references to this date in multiple places as June 8, 2017 (Doc. Nos. 58 and 68) and in at least one place as June 7, 2017. (Doc No. 54 at 5).

convicting the Defendant of a multiplicitous count is uncomfortably high." (Doc No. 68). Accordingly, the Government asks that Count Four be dismissed in the interest of justice.

The Motion (Doc. No. 68) is **GRANTED** in light of the apparent risk of multiplicity and the Government's wide discretion, in the exercise of its prosecutorial function, to choose which charges to maintain and which charges to forego or drop.[2] Thus, Count Six of the Superseding Indictment is hereby dismissed.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[2] As for the Government's contemporaneous argument (Doc. No. 67 at 1) that dismissal of Count Four renders Defendant's motion moot and thus subject to dismissal, it will be addressed in connection with the Court's forthcoming resolution of Defendant's motion.